UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| J.C.G., <br><br> Petitioner, <br><br> -against- <br><br> JUDITH ALMODOVAR, in her official capacity as Acting Field Office Director, New York Field Office, U.S. Immigration & Customs Enforcement; KRISTI NOEM, in her official capacity as Secretary, U.S. Department of Homeland Security; PAMELA BONDI, in her official capacity as Attorney General, U.S. Department of Justice; PAUL ARTETA, in his official capacity as Sheriff and Warden of ICE facility at Orange County Jail, <br><br> Respondents. | Case No. 1:26-cv-01065 (JLR) <br><br> **MEMORANDUM OPINION AND ORDER** |

JENNIFER L. ROCHON, United States District Judge:

Petitioner J.C.G., who has been detained by immigration authorities since on or about November 20, 2024, petitions for a writ of habeas corpus under 28 U.S.C. § 2241.  *See* Dkt. 1. Petitioner contends that his detention is unlawfully prolonged, and that at his initial bond hearing he bore the burden of demonstrating he was not a danger to the community or a flight risk.  *See generally id.*  By Order entered February 9, 2026, the Court scheduled a conference for February 24, 2026, and directed Respondents to submit a letter by February 11, 2026, addressing, among other things, whether there is any basis to distinguish this case from *J.C.G. v. Genalo*, No. 24-cv-08755 (JLR), 2025 WL 88831 (S.D.N.Y. Jan. 14, 2025) and, if not, whether Respondents would consent to issuance of the writ — subject to preservation of Respondents' arguments for appeal. *See* Dkt. 3.

On February 11, 2026, Respondents filed their letter.  *See* Dkt. 5.  That letter states that

1

"the Court can resolve [this matter] without further briefing" and "without further hearing." *Id.* at 2. More specifically, Respondents concede that "[t]here is no legal basis to distinguish this case from this Court's decision in *J.C.G. v. Genalo*," *id.* at 1, and that "the holding of that case would control the result in this case, should the Court adhere to it," *id.* at 2. Indeed, Respondents concede that Petitioner here "has been detained for longer than the petitioner in *J.C.G.*," and they submit that Petitioner's "requested relief — set forth in paragraph 3 in the Prayer for Relief — is appropriate and consistent with the relief ordered by the Court in *J.C.G.*" *Id.* The Court adheres to its decision in *J.C.G.* Accordingly, and in light of Respondents' concessions (recognizing that they "preserv[e] [their] arguments for appeal," *id.* at 1), the Petition for the writ of habeas corpus is GRANTED.

By **February 26, 2026,** the immigration court must either (1) hold a bond hearing at which the government bears the burden of proving, by clear and convincing evidence, that Petitioner is a danger to the community or a flight risk, or (2) release Petitioner. In determining whether to grant bond, the immigration judge shall consider the availability of alternative conditions of release; in determining the amount of any bond imposed, the immigration judge shall consider the Petitioner's ability to pay.

The conference scheduled for February 24, 2026, is hereby canceled as moot. The Clerk of Court is respectfully directed to close this case.

Dated: February 12, 2026
      New York, New York

                                      SO ORDERED.

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge